(Franklin County Common Pleas.)
April Term, 1900

## CASTLE v. ROACH and GALLOWAY.

(1.) In contemplation of law, the parties to an action pay their own costs as they are incurred during the progress of a case, and judgment for costs is rendered in favor of the prevailing party, upon the theory that he has paid, or is liable for the costs incurred by him and to reimburse him therefor.

(2.) If a party has not actually paid the costs incurred by him, he is responsible to the officer who may require their payment, or security therefor, in advance.

(3.) Where an action is brought against a justice of the peace to recover money deposited with him by a non-resident plaintiff to secure costs, and the petition shows that said non-resident plaintiff has recovered judgment including his costs against the defendant, but fails to show that the costs, to secure which said deposit was made, had been paid, the petition is bad on demurrer.

---

EVANS, J.

This case is here on general demurrer of defendant Roach to the petition on appeal. The cause of action as alleged in the petition is in substance as follows: "In a civil action, before said Roach, a justice of the peace, in the year 1898, in which one Snyder was plaintiff and Helwagen et al. were defendants, the justice required the plaintiff to give security for costs which he did by depositing ten dollars with the justice. Snyder recovered judgment including costs, against the defendants, who appealed to this court and gave an appeal bond with surety to the approval of the justice. On the appeal in this court, Snyder recovered judgment, including costs, against the defendants. Snyder, in May, 1899, assigned his interest in said ten dollars, to the plaintiff, who, to recover

the same, brought this action before a justice of the peace, from whose decision, the case was appealed to this court.

The petition further avers that Roach delivered said ten dollars to said Galloway, that plaintiff demanded said money of Roach and also of Galloway, and that each of them refused to make payment. Plaintiff prays judgment for ten dollars and interest.

..c petition is framed upon a misconception, and is bad on demurrer.

Costs are unknown to the common law. They are given only by statute, and may be changed, or entirely taken away at the will of the legislature. Farrier v. Cairns Ext'x 5 Ohio, 47 ; 5 Ency. Pl. & Pr. 108. In contemplation of law the parties to a suit pay their own costs as they are incurred during the progress of a case, and judgment for. costs is rendered in favor of the prevailing party, upon the theory that he has paid, or is liable for, the costs incurred by him, and to reimburse him therefor.

After an award by the court all the costs embraced therein are to be collected, if possible, from the party against whom they were awarded, and paid to the parties entitled thereto. But where the prevailing party has not paid the costs incurred by him, and they cannot be collected from the adverse party, execution may issue against the former for his costs, but not for the costs of both parties. 5 Ency. Pl. & Pr. 253, 254. In the first instance, the party requiring an officer to perform services, for which compensation is to be made, is liable therefor ; in legal contemplation he pays the costs as they accrue. If he has not actually advanced them ,he is still responsible to the officer, Abbey v. Fish, 23, Ohio St., 413; who may require their payment, or security therefor, in advance. Nor does the fact that his adversary may ultimately be compelled to pay them by the judgment of the court, relieve him of such liability to the officer entitled thereto. 5 Ency. Pl. & Pr. 253, note 3 .

Revised Statutes, section 6584, provides for appeals from justices; section 6593 relates to the liability of the surety for the appeal; section 6705, makes the code of civil procedure apply to proceedings before justices so far as the same are applicable; section 6662, gives a justice the same power to issue executions for costs, in the same manner and instances that the clerks of common pleas are authorized to issue such executions; section 1318, provides that each party's costs shall be separately taxed; section 1319, that the party recovering, shall have judgment for his costs; section 1320, that the costs of the condemned shall be indorsed on the execution, and collected by the officer, the same as the judgment; section· 1321, provides that when the party recovering neglects to sue out execution immediately, or after such -execution has been returned without satisfaction of costs, the clerk may, for his own benefit, or shall, at the instance of any person entitled to fees in the bill of costs, taxed against either party, issue against the party indebted to such clerk or other person, for such fees,

[COPYRIGHT, 1901, BY CARL G. JAHN.]

whether plaintiff or defendant, an execution to compel the party to pay his own costs, in the form given in this section.

The provisions of section 1321, make it clear, that the clerk of the court, where it is his right or duty, under this section to issue execution against the plaintiff, to compel him to pay his own costs, may, where such plaintiff has made a deposit of money to secure the same, apply such money, or a sufficient part thereof, upon the costs taxed to such plaintiff, and if such money be insufficient, may issue execution against the plaintiff for the unpaid residue only of plaintiff's costs.

The conclusion here reached is that the plaintiff is not entitled to said deposit of ten dollars upon the allegations of his petition which fail to show that his assignor's costs, which said deposit was made to secure, have been paid, and for failure to make such showing, or averment, the petition on appeal is fatally defective and insufficient as against the demurrer.

Demurrer sustained.

See Eckstein v Straus, 31 Bull. page 70; Hull v. Burson, et al., 43 Bull. 91 ; Abbey v. Fish, 23 Ohio St., 403; Russell v. Giles, 31 Ohio St., 293, 295.